IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DOSS,

    Petitioner,                                   Case No. 2:06-cv-00723 ALA (HC)

    vs.

THOMAS CAREY, Warden, et al.,

    Respondents.                             ORDER

_____/

    Petitioner Steven Doss is proceeding *pro se* with an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Court will consider Mr. Doss's originally filed Petition (Doc. No. 1) as the operative petition, and will not consider the subsequently filed amended petitions.

**I**

    Mr. Doss filed his Petition for writ of habeas corpus on April 4, 2006. In his petition, Mr. Doss claims that his federal constitutional rights were violated by the California Board of Parole Hearings' ("Board") July 7, 2004, decision which denied him parole. Respondent filed an Answer on June 23, 2006. Mr. Doss filed a Traverse on August 7, 2006.[1]

---

[1] This matter was assigned to this Court on June 29, 2007.

1

Without leave of court, Mr. Doss filed an Amended Petition for writ of habeas corpus on October 30, 2007 (Doc. No. 18). In his amended petition, Mr. Doss claims that his constitutional rights were violated due to the Board's decision to deny his parole, but he did not identify the date of the Board's decision. Moreover, in the Amended Petition, he advanced a new argument, which had not been raised in his original petition, based on state law theory as to why he should be granted habeas relief.[2]

On December 28, 2007, the Court order the parties to file briefs addressing the issue of the applicability "if any, of *Mayle v. Felix*, 545 U.S. 644 (2005), to the question of whether Petitioner's newly filed Amended Petition was substantially different from his original filing and, therefore, does not relate back to the original petition and may be time-barred." (Doc. No. 20). Mr. Doss filed a series of responses. In his first response, he explained that there was "confusion" because the Amended Petition concerned a different Board decision which denied him parole in April 2007. (Doc. No. 24-26). In his latest response, Mr. Doss explains that the amended petition was "MISFILED." (Doc. No. 28) (emphasis in original) He also states: "[T]he [Amended Petition] with the file date of January 29, 2008, is a SEPARATE CLAIM/AN ENTIRELY NEW PETITION/NOT AN AMENDMENT TO PETITION 06-cv-0723 ALA HC. This [the Amended Petition] is a NEW PETITION, NOTHING TO DO WITH 06-cv-0723." (*Id.*) (emphasis in original).

## II

Rule 15(a) of the Federal Rules of Civil Procedure allows a party leave to amend his pleading once as a matter of right prior to service of a responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) applies to habeas corpus actions with the same force that it

---

[2]On December 19, 2007, the Court ordered the parties to file simultaneous briefs addressing the issue of the applicability, if any, of *Irons v. Carey*, 479 F.3d 658 (9th Cir. 2007) to Mr. Doss's claims for habeas relief (Doc. No. 19). Both parties filed briefs in response to the Court's order (Doc. Nos. 21, 22).

applies to garden-variety civil cases." *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986 n.6 (9th Cir. 1998), distinguished on other grounds, *Jackson v. Roe*, 425 F.3d 654, 657 (9th Cir. 2005) ; *see also* 28 U.S.C. § 2242 (stating that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

Here, after the Answer had been filed, Mr. Doss filed an Amended Petition (Doc. No. 18) and an "Amended Petition/Corrected" (Doc. No. 26). He did so without first seeking leave of court as required by Rule 15(a). Moreover, it appears that he did not intend to amend his original petition, but instead intended to file a separate petition concerning a different Board decision. (Doc. No. 28). Therefore, the Court will not consider either amended petitions (Doc. Nos. 18 and 26), but instead will consider the originally filed Petition (Doc. No. 1) as the operative petition.

///

Accordingly, it is hereby ORDERED that the Court will consider Mr. Doss's originally filed Petition (Doc. No. 1) as the operative petition, and will not consider the subsequently filed amended petitions.

///

DATED: May 9, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation